Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 6, 2011, which granted defendant’s motion to dismiss the complaint, and denied plaintiffs motion for leave to amend the complaint, unanimously affirmed, without costs.
The dismissal of plaintiffs state tort claims was proper, either because those claims were not included in the notice of claim, because they were untimely or because the facts alleged failed to state a cause of action. Plaintiffs cause of action under 42 USC § 1983 (see Monell v New York City Dept, of Social Servs., 436 US 658, 690 [1978]), based on a claimed policy under which the police automatically arrest the accused in domestic disputes regardless of whether the criminal conduct of which they are accused is “trivial,” was also properly dismissed. While a notice *557 of claim is not a prerequisite for such a claim (see Wanczowski v City of New York, 186 AD2d 397 [1st Dept 1992]), the allegations failed to state a viable section 1983 claim. The police are authorized to make arrests upon reasonable cause to believe that the person being arrested has committed a misdemeanor constituting a family offense (see CPL 140.10 [4] [c]), and plaintiffs arrest fell within these parameters.
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Tom, J.P, Saxe, Moskowitz, AbdusSalaam and Gische, JJ.